UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-61768-CIV-COOKE/BANDSTRA

RAD SOURCE TECHNOLOGIES, INC.,

    *Plaintiff*,

v.

MDS (CANADA), INC.,

    *Defendant*.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER is before me on Plaintiff's Motion to Remand [D.E. 3]. I have reviewed the Motion, Defendant's response, the record, and the relevant legal authority. For the reasons explained below, Plaintiff's Motion to Remand is denied.

## BACKGROUND

In the fall of 2003 Plaintiff and Defendant entered into an agreement regarding the licensing of Plaintiff's RS 3000 x-ray blood irradiation system technology. (*See* Compl. 1 [D.E. 5-4]; Larabie Aff. ¶ 3 [D.E. 5-1]). Defendant paid Plaintiff 1.2 million dollars in consideration for the license. (Am. Notice of Removal ¶ 5 [D.E. 5]). As part of the agreement Plaintiff promised that it would not interfere with Defendant's exclusive license for seven years. (*Id.* at ¶ 7). Defendant alleges that Plaintiff has developed a new x-ray blood irradiation system, the RS 3400, which would directly compete with the RS 3000 system. (*Id.* at ¶ 9). Both the RS 3000 and the RS 3400 systems sell for more than $75,000 per unit. (Larabie Aff. ¶ 10). Plaintiff seeks to have the license agreement, along with its non-compete provision, declared unenforceable. (Compl. 7 [D.E. 5-4]).

Plaintiff initially filed this lawsuit in state court, however Defendant removed the case to

this Court asserting diversity jurisdiction under 28 U.S.C. § 1332(a).  (*See* Not. of Removal [D.E. 1]).  Plaintiff moved to remand the case back to state court, arguing that this Court lacks subject matter jurisdiction because this case does meet the amount in controversy requirement set out in 28 U.S.C. § 1332(a).

## LEGAL STANDARDS

Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a).  "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."  *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000).  In other words, the amount in controversy is determined by ascertaining the monetary value of the requested declaratory relief, *i.e.*, the benefit that would flow to the plaintiff if the Court agreed with its position with respect to the declaratory relief sought.  *See id.*

## DISCUSSION

Plaintiff has requested that the Court declare that the non-compete provision of the license agreement is unenforceable.  Plaintiff's ability to market and sell the RS 3400 system depends upon the outcome of this lawsuit, and the proper legal interpretation of the non-compete provision.  In other words, if the non-compete agreement is declared unenforceable, Plaintiff could proceed to market and sell the RS 3400 system, which retails for over $75,000 per unit.  Additionally, if the non-compete provision were declared unenforceable, then Plaintiff would have received the 1.2 million dollars paid for the license agreement and would not have to abide by the non-compete agreement.  This would result in a windfall to Plaintiff, far in excess of $75,000.

**CONCLUSION**

Despite Plaintiff's bare assertion that the value of its rights to be protected is less than $75,000, I find that the amount in controversy in this lawsuit, from Plaintiff's perspective, is greater than $75,000. If the non-compete provision of the license agreement is declared unenforceable, as Plaintiff has requested, Plaintiff would receive a benefit far in excess of $75,000 because of its ability to market and sell the RS 3400 system, and because of its receipt of the 1.2 million dollars for the license agreement, which it would no longer be required to abide by. It is therefore **ORDERED and ADJUDGED** that Plaintiff's Motion to Remand [D.E. 3] is **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida, this 1st day of December 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*